# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60149-4-II |
| Respondent, | |
| v. | |
| KEVIN WAYNE WEBB, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Kevin Webb appeals his conviction of possession of a stolen vehicle. The trial court admitted evidence that Webb drove erratically when a police officer began following him after noticing that Webb's vehicle had no license plate.

We hold that even if the trial court erred when it admitted evidence regarding Webb's erratic driving without conducting the required ER 404(b) analysis on the record, the error was harmless. Accordingly, we affirm Webb's conviction.

FACTS

On July 10, 2022, Kelso Police Sergeant Damon Blain was patrolling in Kelso when he observed a vehicle with no front license plate. He began following the vehicle. The vehicle then accelerated to 15 miles per hour over the speed limit, cut off a pickup truck, and made a sharp turn in which the vehicle almost rolled.

Blain activated his overhead lights and caught up to the vehicle, which pulled over and stopped. The driver, later identified as Webb, exited the vehicle and started running away. Blain eventually caught up to Webb.

Blain directed Officer Kody Joslen to check the vehicle to determine to whom it was registered and if it was stolen. Joslen observed that there were no front or rear license plates, the VIN plate had been ripped out of the driver's area, the VIN number in the driver's door had been scratched off, and the VIN number on the firewall in the hood of the vehicle had been cut out. In addition, the inside of the vehicle had been "stripped" – there were no back seats. Rep. of Proc. at 246. Joslen investigated and determined that the vehicle had been reported stolen.

The State charged Webb with possession of a stolen vehicle. The State did not charge Webb with any offenses related to his driving.

In a motion in limine, Webb sought to prevent the State from introducing evidence of any prior crimes or bad acts that would be inadmissible under ER 404(b). The trial court granted the motion. During opening statement, the prosecutor referenced Webb's erratic driving after Blain began following him. Subsequently, Webb referenced the ER 404(b) motion in limine order and asked the court to preclude Blain from testifying that Webb drove recklessly. Webb also argued that the evidence was not relevant and that it was prejudicial because nobody likes a reckless driver.

The trial court ruled that this was not ER 404(b) evidence because it did not involve propensity and that ER 403 was not implicated. As a result, the court did not conduct an ER 404(b) analysis. The court did rule that the State could not use the term "reckless driving."

At trial, Blain testified about his encounter with Webb, including Webb's erratic driving as described above. Blain and Joslen testified about the vehicle's lack of license plates and

Joslen testified that the car had been stripped and the VIN numbers had been removed or obscured.

The jury found Webb guilty of possession of a stolen vehicle. Webb appeals his conviction.

ANALYSIS

Webb argues that the trial court erred when it admitted Blain's testimony that Webb was driving erratically before he was apprehended because the trial court did not analyze the evidence under ER 404(b) on the record. The State argues that even if the trial court erred in not conducting an ER 404(b) analysis, the error was harmless. We agree with the State.

A trial court's improper admission of evidence generally is reviewed under the nonconstitutional harmless error standard. *State v. Wasuge*, 5 Wn.3d 877, 890, 582 P.3d 320 (2026). The erroneous admission of evidence is harmless unless there is a reasonable probability that, but for the error, the trial's outcome would have been materially affected. *Id.* In addition, erroneous admission of evidence constitutes harmless error " 'if the evidence is of minor significance in reference to the overall, overwhelming evidence as a whole.' " *Id.* (quoting *State v. Bourgeois*, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997)).

Here, even without the portion of Blain's testimony about Webb's driving, there was significant evidence that supported Webb's conviction. Evidence at trial showed that Webb was driving a vehicle that previously had been reported as stolen and that had no front or rear license plate, had been stripped, and had all VIN numbers either cut out or scratched out. And Webb fled on foot when Blain pulled over the vehicle. Regardless of whether Blain testified about Webb's driving, the evidence was overwhelming that Webb possessed a stolen vehicle.

Further, the evidence regarding Webb's driving was of minor significance and not particularly inflammatory. Blain was traveling 15 miles per hour over the speed limit, not an outrageous speed. He cut off another vehicle and took a turn too fast, but that conduct was not particularly reckless. It is unlikely that the jury relied on this evidence to believe that Webb had a propensity to possess a stolen vehicle.

Any testimony about Webb's driving had little impact on the jury's finding of guilt. Accordingly, we hold that even though the trial court erred in not analyzing the admissibility of Blain's testimony under ER 404(b) on the record, the error was harmless.

CONCLUSION

We affirm Webb's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
PRICE, A.C.J.

_____
CHE, J.